IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TERRANCE TAYLOR, | ) Case No. 3:20-cv-1481 |
| | ) |
| Petitioner, | ) JUDGE DAN AARON POLSTER |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) THOMAS M. PARKER |
| ED SHELTON, WARDEN, | ) |
| | ) |
| Respondent. | ) **REPORT AND RECOMMENDATION** |
| | ) |

Petitioner Terrance Taylor, an Ohio prisoner serving an aggregate sentence of 18 years to life after he was convicted of murder with a firearm specification in *State v. Taylor*, Lucas Cty. Ct. Comm. Pl. Case No. G-4801-CR-201003247, filed his second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Doc. 1. Taylor contends that his conviction was obtained in violation of his due process rights and that he is entitled to a new trial under Ohio Crim. R. 33 because the state's only witness has admitted that she had lied to the jury. ECF Doc. 1-1 at 7-17. On December 11, 2020, respondent Warden Ed Shelton filed a motion to transfer Taylor's petition to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 for a determination of whether he should be granted leave to file a "second or successive" petition under 28 U.S.C. § 2244(b). ECF Doc. 7. In his response, Taylor concedes that his petition is "second or successive" within the meaning of 28 U.S.C. § 2244(b) and that he was required to file an application for leave to file a second or successive petition in the Sixth Circuit before he could file his petition before this court. ECF Doc. 9.

I.   **Relevant Background**

On July 27, 2011, Taylor was convicted of murder in violation of Ohio Rev. Code §§ 2903.02(B) and 2929.02, with a firearm specification under Ohio Rev. Code § 2941.145. ECF Doc. 7-1 at 23. The state trial court sentenced Taylor to a prison term of 15 years to life for the single count of murder and a mandatory consecutive term of 3 years for the firearm specification. ECF Doc. 7-1 at 23. On April 8, 2016, Taylor filed his first federal habeas petition, raising four grounds for relief. ECF Doc. 7-1 at 291-305. Taylor's first habeas petition was dismissed on January 16, 2018. ECF Doc. 7-1 at 334-36.

In September 2018, Taylor filed a motion for leave to file a delayed motion for a new trial in the state trial court. ECF Doc. 7-1 at 338. Taylor argued that he should be given a new trial because he received a letter from the state's sole witness against him indicating that the state had coerced her into lying during the trial. ECF Doc. 7-1 at 340-42. The state trial court denied Taylor's motion on April 8, 2018. ECF Doc. 386. The Ohio Court of Appeals affirmed the trial court's decision on August 2, 2019, and the Ohio Supreme Court declined jurisdiction over Taylor's appeal on October 29, 2019. ECF Doc. 7-1 at 382-86, 456.

On July 6, 2020, Taylor filed a petition for writ of habeas corpus, raising one ground for relief:

> **GROUND ONE:** Defendant is entitled to a new trial pursuant to Crim. R. 33 since the only witness for the state now admits that she lied to the jury with her implications of the Defendant because she was coerced by law enforcement, whereby violating the defendant's due process rights to a fair trial.

ECF Doc. 1-1 at 8. Taylor did not attach to his petition an authorization from the Sixth Circuit Court of Appeals to file a second or successive habeas petition. *See generally* CM/ECF for N.D. Ohio Case No. 3:20-cv-1481.

**II.     Law and Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA"), requires state petitioners to obtain authorization from the appropriate federal court of appeals before filing a "second or successive" habeas petition in federal district court. 28 U.S.C. § 2244(b)(3).  Without such authorization, the district court lacks jurisdiction to review the petition.  28 U.S.C. § 2244(b)(3)(A).  Instead, the district court's authority is limited to transferring successive petitions to the Sixth Circuit pursuant to 28 U.S.C. § 1631.  *See In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012) ("[*In re Sims*, 111 F.3d 45 (6th Cir. 1997),] instructs district courts to transfer only 'successive' petitions to our court for want of jurisdiction under 28 U.S.C. § 1631 rather than dismiss them outright.").

Because Taylor has already filed a habeas petition challenging his conviction and sentence in *State v. Taylor*, Lucas Cty. Ct. Comm. Pl. Case No. G-4801-CR-201003247, and received a judgment on that petition, the petition he filed in this case is "second or successive" within the meaning of 28 U.S.C. § 2244.  Thus, Taylor was required to seek authorization from the Sixth Circuit before he could file his instant petition.  28 U.S.C. § 2244(b)(3).  Because Taylor did not do so, this court lacks jurisdiction over Taylor's petition.  28 U.S.C. § 2244(b)(3)(A).  Instead, this court's authority is limited to transferring Taylor's petition to the Sixth Circuit pursuant to 28 U.S.C. § 1631.  *In re Smith*, 690 F.3d at 810.

Accordingly, Warden Shelton's motion to transfer Taylor's petition to the Sixth Circuit pursuant to 28 U.S.C. § 1631 (ECF Doc. 7) must be GRANTED.

### III. Recommendation

Because the Court lacks jurisdiction over Taylor's "second or successive" petition under 28 U.S.C. § 2244(b)(3)(A), I recommend Warden Shelton's motion to transfer Taylor's petition to the Sixth Circuit for a determination of whether Taylor should be authorized to file a second or successive petition (ECF Doc. 7) be GRANTED. I further recommend that this case be administratively closed pursuant to that transfer.

Dated: January 12, 2021

Thomas M. Parker
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).